SARAH ANN WESSELLS *vs.* FRANCIS M. WESSELLS & others.

October Term, 1872.

PRACTICE—PRO CONFESSO ON PUBLICATION, WHEN IT MAY BE TAKEN.— Under Rule XI of the New Chancery Rules, upon publication commenced five days before the commencement of the term, requiring the defendant to appear by a given day during the term, the bill may be taken for confessed, prepared and set for hearing during that term, if no defense be made within three days after the day at which the defendant is required to appear.

PRACTICE, WHEN DEFENDANT IS REQUIRED TO DEFEND UNDER OLD PRACTICE AND NEW RULES.—The old practice, the provisions of the Code, and the New Rules, considered in respect to the time at which the defendant is required to make defense.

*J. H. Shankland,* for complainant.

No appearance for defendants.

THE CHANCELLOR:—When this cause was before me on a former day of the term, I set aside the interlocutory order made therein, and the proceedings taken under the order, as premature. I reserved the decision of the question whether, upon the publication which had been made, the complainant was entitled to take the bill for confessed, prepare it, and set it for hearing at this term. The counsel for the complainant has elected to set the case for hearing upon the *pro confesso* and proof taken previous to the date of my former order, and has, upon the cause being reached on the docket, insisted upon his client's right to a hearing, and sustained his position in an able argument and well prepared brief. He has left the court no excuse, if it were inclined to find one, to avoid a decision of the point. My only regret is that the argument has only been on one side, for its ability, and the earnestness with which it has been pressed, may, without opposing weight, impair the equipoise of the scales of justice.

Previous to the New Rules in Chancery the question would have presented little difficulty.

By the Code, § 2830 : " All civil process in courts of law or equity, except in cases otherwise provided in this Code, shall be returnable to the first day of the term next ensuing their issuance, if issued and served five days before such term. If issued or served within the five days, they shall be returnable to the first day of the succeeding term."

This section of the Code embodied what had always been the law in this state. The old act of North Carolina, of 1794, 1, 10, the foundation of much of our practice, contained a similar provision. Under this law, the return day of all original civil process was the first day of the term after its issuance, if served five days before that day, otherwise the first day of the next succeeding term. When publication was allowed, in lieu of personal service of process, it was clear, in the absence of any positive provision of law to the contrary, that the publication must be made five days before the first day of the next term after it was ordered, to require the defendant to appear at the first term. And by

saying that the publication must be made, I mean, of course, that it must not only be ordered but completed at least five days before the term at which the defendant could be required to appear. Otherwise, it is obvious, that a less measure of justice would be meted out to a defendant served only with constructive notice by publication, than to one actually notified by service of process.

The Code, § 4348, provides : " Original process may, by rule of court applicable to the court where made, be returnable to the rule days, and all others except final process may be so returnable."

Section 4350 is : " Service of the original subpœna on the defendant five days before the return day, shall bind him to appear within the first three days of the term, if the court hold so long, otherwise on the first day of the term."

Section 4351 : " But if the subpœna be served on the defendant within five days before the return day, he is not bound to appear before the first day of the second term after the service."

These sections are, it must be admitted, not very accurately worded, but the meaning of the legislature is plain enough when we look to the entire legislation on the subject. The chancery court may make original process returnable to a rule day, if it sees proper, but, nevertheless, the defendant shall not be required to appear at the first term thereafter, under the general law of § 2830, unless the process is served five days before that term; if within the five days, the defendant is not required to appear until the next succeeding term. The loose wording is in using " return day " in the last two sections, instead of " first day of the term," which is the phraseology of § 2830, or " sitting of the court," which are the words of 1851, 365, 1. That the latter is what was meant is obvious from the use of the words " first three days of the term " and " first day of the term." This is rendered plain by the language of § 4351. The provision there is, that, " if the subpœna be served on the defendant within five days before the " return day," he

is not bound to appear before the first day of the second term after service." If the words "return day" in this section meant literally the rule day in a term to which process might be made returnable by a rule of court, the first day of the second term after service would throw the appearance entirely over one term. For the first day of the next term, would be the first day of the first term after such service, not the first day of the second term. Manifestly this language contemplates a service within the five days of a term, and the words "return day" have been loosely used for the "first day of the term," which are the words of § 2830.

This is made still more clear by another consideration. By § 4348 original process may be made returnable to the rule days—that is any rule day. Suppose the court makes process returnable to the first Monday in any month, either in vacation or term time, as it may. A plaintiff sues out his process in December, returnable to the January rule day. Construing the statute literally, if the process happens to be served within the five days before the January rule day, the defendant would not be required to appear at the April term, but he would have until the first day of the second term thereafter, which would be the October term.

The only way to avoid this "*reductio ad absurdum*" is to treat the "return day" meant in §§ 4350 and 4351 as the "first day of the term" next ensuing the issuance of the writ. And so it has always been construed in this Chancery District, and elsewhere in this state until very recently. The act of Chancellor Frierson in making the third Monday of his court a return day for original process, was made at my instance with others. It was intended to enable parties to have partitions, and sales of property of infants and married women, where there was, in fact, no contest, without the delay of a whole term. Usually such applications were postponed by the parties themselves until court had · actually met. Process issued then could only be made returnable to the next succeeding term. And it was considered as doubt-

ful whether a guardian *ad litem* could be appointed for the infants, or next friend for married women until after the return day. It was to meet this requirement, not to change the general law, that the rule in question was adopted. No one ever thought, at that time, of proceeding against a party *in invitum* upon process made returnable to the third Monday of the court, until the next succeeding term. And, I know as a matter of fact, that none of the older lawyers ever made process returnable to that day in cases which they knew would be litigated. That practice has originated since the war with the younger lawyers. And I would not have the least hesitation in pronouncing it altogether erroneous, except for the fact that, as I understand, it has been practiced upon at Memphis, and seems to have influenced the drafting of Rule XI of the New Rules.

The learned counsel is mistaken in supposing that if his publication has been regularly made under §§ 4352 to 4359 of the Code, and his *pro confesso* properly had under § 4369, his case may be heard at the same term when the *pro confesso* is taken, under § 4370. The language of that section is that, in the case he supposes, "the cause may be set for hearing *at the return term of the process.*" Now, the return term of process is not, as we have just seen, necessarily the term to which the process may be made returnable on its face, but the term to which it is made returnable by law, depending on the fact whether it is executed five days before the first day of the term, or within the five days. So the return term of the process of publication depended upon whether the publication was completed five days before the first day of the term, or afterwards. It is the equivocal use of the word "return day," for which the Code is principally responsible, that has led to all these difficulties. In one sense, it means the return day mentioned in the process or publication. In another sense, it means the day on which the defendant is required by the general law to appear and defend, and this latter day was always, previous to the New Rules, the first day of a term of court. It was never, either

in the case of process or publication, a day in the middle of a term. Previous to the New Rules, therefore, upon a publication such as was had in this case, the complainant might take his bill for confessed if the defendants did not appear and defend at the time required, but he could only set the cause for hearing at "*the return term,*" that is at the term the first day of which was more than five days from the completion of the publication.

The old law, with some indulgence for the weakness of humanity, gave a breathing spell to the defendant between the execution of process and the time when the defendant was required to appear. In these days of railroads and telegraphs we are inclined to act upon the motto of Macbeth " be it thought and done."

The first section of Rule XI of the New Rules does provide that " all process which shall have been issued more than five days before the first day of the term," may be made returnable to any Monday of the term, and if executed five days before such return day, the defendant shall make defense within the three succeeding days, and the cause shall stand to be proceeded in at that term. And by the second section it is provided, that if such process be executed within the five days before such return day, the same shall be returned to the succeeding Monday, and the defendant must appear within the next three days, and the cause shall stand to be proceeded in at that term.

This is all very plain and does not admit of the least doubt. But to entitle the complainant to the benefits of this provision, the original process must have issued at least five days before the first day of the term. A single day's longer delay gives the defendant the right, under the general law already discussed, to the first day of the next succeeding term to make defense.

The difficulty grows out of the wording of the next section, which is in these words: " The two foregoing Rules shall also apply to cases in which publication is made for a defendant." Does this mean, that, if the publication be

*commenced* five days before the first day of the term, the defendant may be required to appear at any Monday of the term, and the cause may be proceeded with at that term as in the case of the actual service of process? Or does it mean only to change the law to this extent, that, whereas, before the New Rules, the publication must be completed five days before the first day of the term to make that the return term, under the New Rules the same result may be obtained by a publication commenced only twenty-eight days before the first day of the term? Unless the latter construction be adopted, the defendant by publication is treated less favorably than the defendant by actual service of process, under the New Rules as compared with the old law. The law ought to favor that class of defendants rather than the other. But it is clearly within the competency of the legislature to provide otherwise.

The best construction which can be put upon a doubtful statute is that which is in accord with the usage and practice of the profession under it. The practical good sense of the body of the profession, or any large fraction of it, is generally better than the abstract or theoretical views of a court composed of a single judge. I understand that the practice at Memphis is to consider a publication commenced five days before court as equivalent to the issue of process five days before the first day of the term, and that "the cause shall stand to be proceeded in at that term." I have learned also from several of the Chancellors, who framed the Rules, and from my predecessor who drafted Rule XI, that such was the intention of the Chancellors. These facts are sufficient to control my construction of the Rule, even if my own convictions were otherwise. I shall hold therefore that such publication is sufficient to authorize the complainant to prepare his case, if the defendants do not appear, and set it for hearing at the first term. But the case must be regularly set on the Trial Docket in its order, and must not be taken up out of its order. The defendant is entitled to the full benefit of the law's delay in this regard, so as, under § 4376

of the Code, to appear and defend at any time before final decree, as of course.

The complainant seems to have been a little too fast in taking his decree *pro confesso*. It is taken on the very day when the defendant was required to appear, namely the 3d Monday of October. Of course the defendants had the whole of that day, in any event, to appear and defend, and, under the New Rules, they had the three succeeding days to appear and defend. As the defendants have not yet appeared this is more a matter of form than substance, but might present some difficulty upon a writ of error. The complainant is entitled now to the *pro confesso* under the Rule in question.

The merits of the case are with the complainant, and she may take a decree accordingly.