T. H. HUFFSTEDLER, *v.* J. A. SWAN *et al.**

(*Knoxville.*  September Term, 1926.)

Opinion filed, November 20, 1926.

1. EQUITY PLEADING AND PRACTICE.  Pro confesso.  Decree.
 Process returnable to a rule day certain, cannot be taken for con-
 fessed against the defendant the succeeding day, and it is error
 to enter a final decree on that day.  Under the statutes, where
 process is issued before the first day of the term and returned
 to a particular Monday, the defendant has the three days suc-
 ceeding that Monday to answer; citing and not approving: Text
 that pro confesso may be entered on any day of term, Gibson's
 Suits in Chancery, sec. 225, p. 197; Lanum v. Steel, 29 Tenn. (10
 Humph.), 280; Wessels v. Wessels, 1 Coop. Chy., 60. (Post, p.
 453.)
 Code Cited: 1858, sections 4350, 4421; Thompson's-Shannon's Code,
 secs. 6160, 6232, 7660; Code 1858, sec. 4348; Shannon's Code, sec.
 6158.
 Acts Cited:  1851-52, ch. 365, secs. 1-2; Acts 1871, ch. 97; Rule XI
 of practice adopted by Chancellors, sections, 1, 2 and 3.

2. SAME.  Same.  Same.  Same.
 So when process is issued and executed after the first day of the
 term, and made returnable to a rule day, defendant has the
 three days succeeding the rule day to make defense "if the court
 holds so long," if not, and court is about to adjourn, pro confesso
 may be taken. (Post, p. 456.)
 Citing:  Thompson's-Shannon's Code, sec. 6160; Code 1858, sec.
 4350.
 Acts Cited:  Acts 1905, ch. 472.
 Cases Cited:  Tipton v. Tipton, 118 Tenn., 691.

---

*Headnotes 1. Equity, 21 C. J., section 939 (Anno.); 2. Equity, 21
C. J., section 960 (Anno.).

Appeal from Chancery Court of Knox County.—HON. CHAS HAYS BROWN, Chancellor.

DONALDSON & MONTGOMERY, for appellants.

BOWEN & BOWEN, for appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

From a decree rendered on a *pro confesso* against him the defendant Boyd has appealed and assigns for error that the *pro confesso* was improperly entered. We think his contention is correct.

The bill was filed by complainant against J. A. Swan, W. D. Boyd and W. H. Swan, November 28, 1925. The Swan's accepted service of process. A *subpoena* issued for defendant Boyd returnable to the first Monday in December (7th), 1925. It was returned December 2, 1925, "not found." *Alias* process for defendant Boyd issued December 4, 1925, returnable to the first Monday in January (4th), 1926. This was returned executed December 5, 1925.

As just noted, the first Monday of January, 1926, was January 4th. The process served on defendant Boyd was returnable to this date. A *pro confesso* was taken against all the defendants on January 5, 1926, and a final decree rendered against them on the same day.

These proceedings were set aside as to defendant Boyd January 11, 1926, and he was given thirty days in which to answer the bill. Later, however, on January 18, 1926, the Chancellor set aside the decree of January 11th and re-instated the decree of January 5th.

On February 1, 1926, the defendant Boyd made a motion to set aside the decree of January 18th, and tendered his answer to the original bill showing a good defense. The Chancellor, however, overruled this motion and defendant Boyd appealed. The Chancellor's action and the argument of counsel endeavoring to sustain it rests upon the following from Gibson's Suit in Chancery, section 225, page 197:

"When the *subpoena* is returnable to a rule day, by a rule of the court, the defendant has all of the return day in which to file his pleading, and, as no *pro confesso* can be entered against him until the next succeeding rule day, he has all the intermediate time in which to file his pleading. It must be remembered, however, that each day of the term, as well as the first Monday of every month in vacation, is a rule day, and, a rule day for all rule day business; and if a term of court comes between the return rule day and the first Monday of the next month, a judgment *pro confesso* may, for want of a defence, be entered on *any day* of such term."

We are not able to agree that the learned commentator had in mind such a situation as is here presented.

In *Lanum* v. *Steel,* 29 Tenn. (10 Humph.), 280, it was held that the Chancellor had no authority to enter a *pro confesso* decree after the first day of the term, except on a rule day. At that time the first Monday of every month and the first day of each term were rule days. The Mas-

ter had no authority to enter a *pro confesso* save on a rule day, and if the Chancellor undertook to enter *pro confesso* himself, strictly the duty of a Master, the Chancellor must comply with the rules governing the Master.

Section 4350 of the Code of 1858 was as follows:

"Service of the original *subpoena* on the defendant five days before the return day shall bind him to appear within the first three days of the term, if the court holds so long; otherwise, on the first day of the term."

Section 4421 of the Code of 1858 was in these words:

"Each day of the term of the court of chancery, and the first Monday of every month in vacation, is a rule day."

The two sections of the Code just quoted were based upon section 1 and section 2 of chapter 365 of the Acts of 1851-52. They are to be found in Thompson's-Shannon's Code as section 6160 and section 6232.

Now obviously under these two sections of the Code, taken from the same Act, although each day of the term of court is a rule day, nevertheless the defendant has the first three days of the term, to the first day of which process served on him is returnable, to make his appearance. This is so unless, under the Code, the court hold less than three days.

In the rules of practice adopted by the Chancellors and embodied in chapter 97 of the Acts of 1871, rule XI, (Thompson's-Shannon's Code, section 7660), is as follows:

"Section 1. Whenever, the terms of a court shall continue for a sufficient time, all process which shall have been issued for more than five days before the first day of the term, may be made returnable to any Monday of

the term, and if the same shall be executed five days before such return day, the defendant shall cause his appearance to be entered and make defense or obtain time therefor within the three succeeding days, and the cause shall stand to be proceeded in at that term.

"Section 2. If such process is executed within the five days before such return day, then the same shall be returned to the succeeding Monday, and the defendant allowed the three succeeding days thereafter to cause his appearance to be entered and make defense or obtain time therefor, and the cause shall stand to be proceeded in at that term."

Section 3 of rule XI provides that the rules embodied in section 1 and section 2 shall apply to cases in which publication is made for a defendant. See *Wessells* v. *Wessells,* 1 Coop. Chy., 60.

Section 4 and 5 of rule XI, respecting *alias* or *mesne* process, allow defendant the three days of grace, as upon original process.

It thus appears that when process is issued prior to the first day of a term, the defendant has the three days succeeding the day to which the process is returned in which to make answer. For a full discussion of the Statutes and rule XI see *Wessells* v. *Wessells,* supra.

By section 4348 of the Code of 1858, Thompson's-Shannon's Code, section 6158, the chancery court is authorized to make original process returnable to the rule days. Such is the practice in all the larger counties where the chancery courts are in session continuously.

Under the statutory rules above quoted, where process is issued *before* the first day of the term and returned to a particular Monday, the defendant has the three days

succeeding that Monday in which to answer. Certainly, when the process is issued and executed *after* the first day of the term, and returned to a rule day, the defendant should not have his rights abridged, but should have the three days succeeding the rule day, to which the process, under rule of court, is returnable, in which to make his defense.

Such we think is the settled practice. Whether process be returned to the first day of the term, to a particular Monday, or to a rule day, the defendant is entitled to make his appearance within three days after the day to which said process is returned. This is so in every case "if the court holds so long," Thompson's-Shannon's Code, section 6160 (Code of 1858, section 4350), "provided, however, if the term of court be for more than three days, and the business of the court has been finished within three days, and the court is about to adjourn, *pro confesso* may be taken in any case in which the defense has not been made." Thompson's-Shannon's Code, section 6160, chapter 472, Acts of 1905; *Tipton v. Tipton,* 118 Tenn., 691.

It is clear that the Legislature never desired or supposed that they had, by the declaration that every day of the term of the court of chancery was a rule day, done away with the defendant's three days of grace. The Act of 1851-52 making every day of the term a rule day in as many words permitted a defense within the first three days of the term, if the court held so long.

The Act of 1905 only authorized the entry of a *pro confesso* prematurely when the business of the court had been finished within three days, and the court was about to adjourn.

The Chancellor was correct in setting aside the *pro confesso* as to defendant Boyd January 11, 1926. The order re-instating the *pro confesso* on January 18, 1926, was erroneous. A *pro confesso* might have been entered on January 18th, but the defendant having been previously allowed thirty days in which to answer should not have been cut off thus summarily. On February 1, 1926, within the thirty days allowed him, defendant moved to set aside the order of January 18th re-instating the *pro confesso* decree and tendered an answer with a good defense. This motion should have been granted and the answer filed.

Reverse and remand with directions to set aside the *pro confesso* against defendant Boyd and permission to Boyd to file his answer and for further proceedings. Costs of appeal will be taxed to complainant, and costs below adjudged by the Chancellor.

Note. It will be observed that under section 4350 of the Code of 1858, Thompson's-Shannon's Code, section 6160, if process is served five days before the first day of the term the defendant is required "to appear within the first three days of the term." Under Rule 11, chapter 97 of the Acts of 1871, Thompson's-Shannon's Code, section 7660, if process is served five days before any Monday of the term, the defendant is required to appear "within the three succeeding days." Under the later Act, therefore, the defendant has four days in which to make his appearance when the process is returnable to any Monday, be that Monday the first day of the term or a subsequent Monday in the term. If by Statute a term of the chancery court should begin on another day than Monday, and process were returnable to the first day of the term, it seems that Rule 11 would not apply.